UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMINICK R. PIRRO,

                          Plaintiff,

v.                                                    5:24-CV-1076
                                                      (GTS/ML)
J.B. HUNT TRANSPORT SERVICES, INC.,

                          Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

TULLY RINCKEY, PLLC                            JARED K. COOK, ESQ.
  Counsel for Plaintiff
400 Linden Oaks, Suite 110
Rochester, NY 14625

LITTLER MENDELSON                              PAMELA S. C. REYNOLDS, ESQ.
  Counsel for Defendant
375 Woodcliff Drive, Suite 2d
Fairport, NY 14450

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this employment discrimination, harassment and retaliation action filed by Dominick R. Pirro ("Plaintiff") against J.B. Hunt Transport Services, Inc. ("J.B. Hunt" or "Defendant"), is Defendant's motion to partially dismiss Plaintiff's Complaint (specifically, its first and seventh claims) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) For the reasons set forth below, Defendant's motion is granted in part and denied in part (specifically, granted in part with regard to the seventh claim but denied with regard to the first claim).

## I.    RELEVANT BACKGROUND

Case 5:24-cv-01076-GTS-ML    Document 19    Filed 07/25/25    Page 2 of 19

A.      Plaintiff's Complaint

Generally, in his Complaint, Plaintiff asserts the following seven claims against

Defendant (a transportation and logistics business) arising from events occurring between March

2022 and June 16, 2022, during the course of Plaintiff's employment with Defendant as a Shop

Foreman in its Syracuse location: (1) a claim that Defendant permitted one of its employees

(specifically, an African-American custodian named George Davis) to continue to create a

hostile work environment against him based on his sex in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e–2 ("Title VII"); (2) a claim that Defendant discriminated

against Plaintiff (who is white) on the basis of his race in violation of Title VII; (3) a claim that

Defendant retaliated against him for opposing the above-referenced hostile work environment

and discrimination in violation of Title VII; (4) a claim that Defendant permitted harassment on

the basis of sex in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296

("NYSHRL"); (5) a claim that Defendant discriminated against him on the basis of his race in

violation of the NYSHRL; (6) a claim that Defendant retaliated against him in violation of the

NYSHRL; and (7) a claim that Defendant retaliated against him in violation of New York's

whistleblower statute, N.Y. Labor Law § 740.  (Dkt. No. 1.)

B.      Parties' Briefing on Defendant's Motion to Dismiss

1.      Defendant's Memorandum of Law

Generally, in its motion to partially dismiss Plaintiff's Complaint, Defendant makes three

arguments.  (Dkt. No. 10, Attach. 2.)  First, Defendant argues that Plaintiff's first claim (for

hostile work environment based on sex pursuant to Title VII) must be dismissed because he did

not raise such a claim in his EEOC charge and therefore has failed to exhaust his administrative remedies related to that claim. (*Id*. at 10-13.)

Second, Defendant argues that, even if Plaintiff is deemed to have exhausted his administrative remedies related to his first claim (for hostile work environment based on sex pursuant to Title VII), that claim must nevertheless be dismissed because he has failed to plead conduct that was sufficiently severe or pervasive given that the relevant conduct Plaintiff alleges was isolated and sparse in frequency. (*Id*. at 13-14.)

Third, Defendant argues that Plaintiff's seventh claim (for retaliation pursuant to New York's whistleblower statute, N.Y. Labor L. § 740) should be dismissed because Plaintiff failed to identify a practice or policy that he reasonably believed posed a substantial and specific danger to the public health and safety as required by that statute. (*Id*. at 15-16.)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law, Plaintiff makes four arguments. (Dkt. No. 17.)  First, Plaintiff argues that Defendant has not shown that it could establish a failure to exhaust administrative remedies (which is an affirmative defense, and therefore a defense that Defendant must prove by a preponderance of the evidence) with regard to his first claim (for hostile work environment based on sex pursuant to Title VII), because (a) Plaintiff explicitly raised harassment in his EEOC charge, (b) the fact that the EEOC charge does not explicitly mention sex discrimination is not fatal given that the investigation into the asserted claims would reasonably extend to harassment based on his sex and therefore give sufficient notice to the EEOC, and (c) Defendant's argument that a claim can only be "reasonably related" if it occurred after the filing of the EEOC charge is contrary to the applicable law. (*Id*. at 10-17.)

3

Second, Plaintiff argues that his first claim (for hostile work environment based on sex pursuant to Title VII) has been adequately pleaded, because (a) on a motion to dismiss, Plaintiff is not required to plead a *prima facie* case of harassment, and (b) the conduct here was more than just a single or isolated incident as Defendant asserts, and Defendant ignores Plaintiff's allegations that the sex-based comments were made in conjunction with other conduct that was physically threatening and that interfered with his ability to work.  (*Id*. at 18-20.)

Third, Plaintiff argues that he has sufficiently pleaded his seventh claim (for retaliation pursuant to New York's whistleblower statute, N.Y. Labor L. § 740), because the "public health or safety" requirement of that statute was removed by amendment in 2021 and therefore is not required to state such a claim.  (*Id*. at 21-25.)

Fourth, Plaintiff argues that, if the Court finds that dismissal is warranted on either of the claims raised in Defendant's motion, he should be permitted an opportunity to amend his Complaint as to those claims to cure any deficiencies.  (*Id*. at 25-26.)

### 3.     Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant makes three arguments.  (Dkt. No. 18.)  First, Defendant argues that Plaintiff has not sufficiently shown that his first claim (for hostile work environment based on sex pursuant to Title VII) is "reasonably related" to his EEOC charge, because (a) various emails he has now submitted to the Court on this motion do not actually show that he had asserted this claim in the EEOC charge, and (b) the "reasonably related" exception to the exhaustion requirement does not apply to this claim given that the relevant conduct occurred before he filed the EEOC charge  (*Id*. at 6-9.)

Second, Defendant argues that Plaintiff has nevertheless not pleaded sufficiently severe or pervasive conduct to state his first claim (for hostile work environment based on sex pursuant to Title VII) because, in addition to the reasons offered in Defendant's memorandum of law-in-chief, Plaintiff has alleged that the harassing conduct was from a subordinate and therefore is not actionable. (*Id*. at 9-10.)

Third, Defendant argues that Plaintiff's seventh claim (for retaliation pursuant to New York's whistleblower statute, N.Y. Labor L. § 740) must be dismissed, because the public-harm requirement still applies, and because the claim is duplicative of his other retaliation claims pursuant to Title VII and the NYSHRL. (*Id*. at 10-12.)

## II.    LEGAL STANDARDS GOVERNING A MOTION TO DISMISS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard

5

established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

6

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks

and citations omitted).  However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability

requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

7

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no

III.    **ANALYSIS**

    A.    **Whether the Court Should Dismiss Plaintiff's First Claim (for Hostile Work Environment Based on Sex Pursuant to Title VII)**

After careful consideration, the Court answers the above question in the negative for the reasons stated in Plaintiff's memorandum of law. *See, supra,* Part I.B.2 of this Decision and Order. To those reasons, the Court adds the following analysis.

    1.    **Exhaustion of Administrative Remedies**

Plaintiff does not appear to dispute that the EEOC charge fails to explicitly include a claim of harassment specifically based on his sex. "The Second Circuit has found, however, that 'claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Macri v. Herkimer Cnty.*, 20-CV-1414, 2023 WL 6295590, at *2 (N.D.N.Y. Sept. 27, 2023) (Sharpe, J.) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 [2d Cir. 2001]). A claim can be considered to be "reasonably related" in three situations: "(1) the alleged discriminatory conduct 'would fall within the scope of the EEOC investigation which can

_____

dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

reasonably be expected to grow out of the charge of discrimination'; (2) the claim is one of

'retaliation by an employer against an employee for filing an EEOC charge'; and (3) the plaintiff

'alleges further incidents of discrimination carried out in precisely the same manner alleged in

the EEOC charge.'"  *Macri*, 2023 WL 6295590, at *2 (quoting *Terry v. Ashcroft*, 336 F.3d 128,

151 [2d Cir. 2003]).  "'The central question is whether the complaint filed with the EEOC gave

that agency adequate notice to investigate' the claim not alleged in the administrative

complaint."  *Macri*, 2023 WL 6295590, at *2 (quoting *Ximines v. George Wingate High Sch.*,

516 F.3d 156, 158 [2d Cir. 2008]).  "The 'reasonably related' exception to the exhaustion

requirement 'is essentially an allowance of loose pleading and is based on the recognition that

EEOC charges frequently are filled out by employees without the benefit of counsel and that

their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is

suffering.'"  *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

Here, although Defendant is correct that Plaintiff did not specifically state in the EEOC

charge that the discrimination he experienced was based on sex (choosing only "age," "race,"

and "retaliation" in that specific box), that fact does not preclude a finding that his sex-based

hostile work environment claim is "reasonably related" to what was raised in the EEOC charge.

Plaintiff notably states in the EEOC charge that "[d]uring my employment, I was subjected to

harassment from George Davis and I complained to management about it."  (Dkt. No. 1, Attach.

1, at 2.)  Given this very clear indication that a specific employee had engaged in harassment,

there is no doubt that the scope of the EEOC's investigation would have included the alleged

harassment by Mr. Davis, and that the EEOC had adequate notice to investigate that harassment,

whether it was based on sex, race, or another characteristic.  As a result, for the purposes of this

motion to dismiss, any claim for sex-based harassment by Mr. Davis is "reasonably related" to the allegations Plaintiff made in the EEOC charge, regardless of whether he specifically mentioned that the alleged harassment was based on his sex. Defendant's argument to the contrary—that Plaintiff was required to indicate that the discrimination was sex-based—would essentially negate the "reasonably related" exception to the exhaustion requirement by requiring that claim to be specifically contained within the EEOC charge.

Defendant also pursues the argument that a claim can be considered to be "reasonably related" to an EEOC charge only if the relevant conduct occurred after the filing of the charge. (Dkt. No. 10, Attach. 2, at 11.) However, that argument does not appear to accord with the Second Circuit's precedent. *See Williams*, 458 F.3d at 70-71 (applying the exception to find that a sex discrimination claim that predated the filing of the EEOC charge was reasonably related to the explicitly asserted retaliation claim); *Stewart v. U.S. I.N.S.*, 762 F.3d 193, 198 (2d Cir. 1985) ("This Court has held that district courts may assume jurisdiction over a claim 'reasonably related' to a charge filed with the EEOC, *including* incidents occurring after the filing of the EEOC claim.") (emphasis added).[2] Defendant's reliance on *Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018), is also misplaced. That case involved a convoluted situation in which the plaintiff had filed an EEOC charge in 2011, did not file a federal suit related to that charge,

---

[2]    The case upon which Defendant primarily relies for its argument itself relies on the Second Circuit's decision in *Butts v. City of New York Dept. of Hous. Pres. and Dev.*, 990 F.2d 1397 (2d Cir. 1993), which does state that "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge." *Butts*, 990 F.2d at 1401. However, *Butts* itself relies in part upon *Stewart*, which does not strictly limit the "reasonably related" inquiry to *only* conduct occurring after the filing of the EEOC charge, even if those specific cases did involve subsequent conduct. As cases like *Williams* make clear, that limitation is simply not the prevailing law.

and then later filed another EEOC charge in 2014 and argued that the court should consider retaliation claims related to his 2011 charge to be reasonably related to the 2014 charge. *Duplan*, 888 F.3d at 622. The court rejected that argument not because the retaliation occurred before the filing of the 2014 charge, but rather because the original claims to which that retaliation was related (i.e., from the 2011 charge) were now untimely due to the failure to file a federal action related to that charge. *Id.* at 623-24. That is clearly not the situation here, and *Duplan* does not state that a claim that predates the time the charge is filed can never be considered to be reasonably related. Moreover, *Duplan* and many of the other cases Defendant relies upon are those in which the plaintiff attempted to raise retaliation claims related to the fact that they filed their EEOC charge, which necessarily would occur after the filing of that charge, but, as noted above, retaliation for the filing of an EEOC charge is only one of the circumstances in which the "reasonably related" exception can be applied.

For all the above reasons, the Court finds that Plaintiff's first claim (for hostile work environment claim based on sex pursuant to Title VII) is at the very least "reasonably related" to the allegations raised in the EEOC charge, and therefore the Court may consider its pleading sufficiency.

### 2. Sufficiency of Plaintiff's First Claim

As to the sufficiency of Plaintiff's first claim, Defendant argues that Plaintiff has not alleged facts that plausibly suggest that the sex-based harassment rose to the level of severity and pervasiveness required.

"'To establish a hostile work environment claim, the plaintiff must show that either a single incident was extraordinarily severe, or that a series of incidents were sufficiently

continuous and concerted to have altered the conditions of [his] working environment.'" *Jacobs v. Hudson Valley Family Physicians, PLLC*, 725 F. Supp. 3d 235, 243 (N.D.N.Y. 2024) (Hurd, J.) (quoting *Krul v. DeJoy*, 705 F. Supp. 3d 5, 53 [N.D.N.Y. 2023]).  Pleading a hostile work environment claim requires alleging facts to plausibly suggest both that (a) the conduct was "'severe or pervasive enough to create an objectively hostile or abusive work environment,' that is, 'an environment that a reasonable person would find hostile or abusive,'" and (b) the plaintiff "'subjectively perceive[d] the environment to be abusive.'" *Moll v. Telesector Resources Grp., Inc.*, 94 F.4th 218, 229 (2d Cir. 2024) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 23 [1993]).  "Whether a particular environment is objectively 'hostile or abusive can be determined only by looking at all the circumstances,'" which include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Moll*, 94 F.4th at 229 (quoting *Harris*, 510 U.S. at 23).

Plaintiff alleges that, following Mr. Davis' becoming employed by Defendant and assigned to Plaintiff for supervision in March 2022, Mr. Davis "almost immediately" responded negatively to Plaintiff's attempts to train and direct him, including "physically put[ting] his hands on" Plaintiff "in anger," and responding "with escalating aggression" to attempts by Plaintiff to correct his behavior.  (Dkt. No. 1, at ¶¶ 21-26.)  Plaintiff alleges that, after he had reported Mr. Davis' insubordination and aggression to supervisors, on May 25, 2022, he met with Mr. Davis while his supervisor, Mr. Leclair, was on speakerphone, during which meeting Mr. Davis yelled and screamed at Plaintiff, calling him "gay" and saying that he "was 'acting like a woman' by going to Human Resources"; Mr. Davis allegedly repeated these statements

multiple times during the meeting and on multiple occasions in "the days and weeks following the meeting." (*Id.* at ¶¶ 26-31.) Plaintiff alleges that, in addition to these remarks, Mr. Davis was standing only three feet from him during the meeting and was acting in a physically aggressive and threatening manner that made Plaintiff concerned that Mr. Davis would "swing at him." (*Id.* at ¶ 33.) Plaintiff alleges that, during an incident two weeks later on June 9, 2022, Mr. Davis again yelled, screamed, and repeated the same discriminatory insults while waving an umbrella two feet from Plaintiff's face in a threatening manner. (*Id.* at ¶ 37.) Of note, Plaintiff allegedly reported this incident the day after it occurred and Defendant suspended Mr. Davis with pay to conduct an investigation, though it eventually let him return to work on the same day on which Plaintiff's employment was terminated, which was June 16, 2022. (*Id.* at ¶¶ 38-51.)

Although the alleged conduct appears to have occurred only within a two-week span (i.e., between May 25, 2022, and June 10, 2022), that fact does not, as Defendant seems to suggest, mean that the alleged conduct could not be considered severe or pervasive. It is not the length of the time period that controls the analysis, but rather the nature, severity, and effect of the conduct.

Additionally, Defendant's argument that the conduct alleged is insufficient to even plausibly suggest that it was severe and pervasive because that conduct consisted of a few statements completely ignores Plaintiff's allegations that such statements (which appear to implicate perceived sexual orientation and/or gender stereotypes) were on two specifically identified occasions accompanied by conduct that Plaintiff alleges was physically threatening. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2014) (noting, somewhat analogously, that "[t]he use of racially offensive language is particularly likely to

create a hostile work environment when, as here, it is presented in a 'physically threatening' manner"); *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 263-64 (2d Cir. 2023) (finding genuine dispute of material fact existed as to whether a single incident in which a male individual "shook a rolled-up document" in the female plaintiff's face and yelled at her in a loud, aggressive manner that alarmed other colleagues within hearing distance could constitute a hostile work environment); *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010) ("'Isolated incidents generally will not suffice to establish a hostile work environment unless they are extraordinarily severe' *or accompanied by 'physically threatening' behavior.*") (emphasis added).

Here, Plaintiff has alleged that the specified incidents (one of which was overheard by Plaintiff's supervisor, who he alleges confirmed that Mr. Davis' comments were unacceptable) also involved behavior that was sufficiently threatening that he quickly brought it to the attention of Human Resources.  Given the allegations of physically threatening behavior in conjunction with the facially sex-related statements, and especially given that they occurred on multiple occasions and appear to have at least plausibly worsened Plaintiff's work environment, the Court finds that Plaintiff has met the standard to survive a motion to dismiss this claim on the issue of severity and pervasiveness.

Defendant also argues as part of its reply that liability cannot attach to Defendant here because the allegedly harassing conduct was by a subordinate rather than a supervisor.  (Dkt. No. 18, at 10.)  However, this argument is not related to the issue of severity or pervasiveness of the alleged conduct, and Defendant did not raise it in his initial brief on this motion.  *See United States v. Kandic*, 134 F.4th 92, 102-03 (2d Cir. 2025) ("We will not consider an argument raised for the first time in a reply brief."); *see also Advocate Christ Med. Ctr. v. Kennedy*, 605 U.S. —

n.2 (2025) (indicating that a court may decline to consider an argument or issue raised for the first time in a reply brief); *Rsch Found. for State Univ. of New York v. Inpria Corp.*, 24-CV-0120, 2025 WL 472680, at *25 (N.D.N.Y. Feb. 12, 2025) (Sannes, C.J.) ("Further, as this argument was raised for the first time in a reply brief, the Court declines to consider it at this time.").

However, even if the Court were to consider this argument, there is no bright-line rule that an employer can never be held liable for a hostile work environment created by non-supervisory employees. Rather, where the harasser is not a supervisor, that conduct is not automatically imputed to the employer; but a plaintiff could still show that there is a basis for doing so. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010); *see Bentley v. AutoZoners, LLC*, 935 F.3d 76, 92 (2d Cir. 2019) ("Where a hostile work environment is created by a co-worker who is not a supervisor, the employer can still be liable, but 'only for its own negligence.'") (quoting *Summa v. Hofstra Uinv.*, 708 F.3d 115, 124 [2d Cir. 2013]). Defendant has not argued that Plaintiff failed to plausibly allege that Defendant acted in a negligent manner by "fail[ing] to provide a reasonable avenue for complaint or that it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action.'" *Bentley*, 935 F.3d at 92.

Indeed, although Plaintiff alleges that Defendant placed Mr. Davis on paid leave following his complaint about the second incident, he also alleges that (a) there was no action taking against Mr. Davis after the first incident (the meeting in Plaintiff's office), despite the fact that Plaintiff's supervisor acknowledged that those "discriminatory and harassing" comments had been made, other than Plaintiff's supervisor telling Mr. Davis that those comments were

"unacceptable," and (b) Defendant informed him that it was going to allow Mr. Davis to return to work from his paid leave without imposing any discipline.  (Dkt. No. 1, at ¶¶ 31-35, 40-43.)  The factual allegations therefore plausibly suggest that, although Defendant took some form of action after being made aware of the issue, the action was not appropriate to adequately address the conduct.  As a result, even overlooking the fact that Defendant raised the argument that Plaintiff has not alleged that Defendant is liable for Mr. Davis' conduct for the first time in a reply brief, consideration of that argument would not sway this Court to finding that dismissal of Plaintiff's claim would be appropriate.

Based on the above, the Court denies Defendant's motion to dismiss Plaintiff's first claim.

**B.**    **Whether the Court Should Dismiss Plaintiff's Seventh Claim (for Retaliation Under New York's Whistleblower Statute)**

After careful consideration, the Court answers the above question in the affirmative for the following reasons.

Defendant's argument for dismissal of this claim is based on a failure by Plaintiff to plead that he reported a violation of a statute or policy that poses a danger to the public health and safety.  (Dkt. No. 10, Attach. 2, at 15-16; Dkt. No. 18, at 10-12.)  Plaintiff argues that there is no such requirement in the statute after relevant amendments were enacted in 2021.  (Dkt. No. 17, at 21.)  The Court need not, however, determine whether the amendments to New York's whistleblower statute, N.Y. Labor Law § 740, removed the requirement to show a public harm, because it appears that Plaintiff's claim was not timely filed.

Pursuant to the text of N.Y. Labor Law § 740, "[a]n employee who has been the subject of a retaliatory action in violation of this section may institute a civil action in a court of

17

competent jurisdiction . . . within two years after the alleged retaliatory action was taken." N.Y.
Labor L. § 740(4)(a); *see Broton v. Cnty. of Onondaga*, 217 N.Y.S.3d 472, at *8 (N.Y. Sup. Ct.
Onondaga Cnty. 2024) (finding causes of action pursuant to N.Y. Labor L. § 740 related to
violation of other state statutes time-barred because the action was filed more than two years
after the alleged retaliatory action). In the Complaint, Plaintiff alleges that his employment was
terminated in retaliation for his complaints about Mr. Davis' conduct (and about Defendant's
response thereto, which Plaintiff believed to be racially discriminatory) on June 16, 2022. (Dkt.
No. 1, at ¶ 51.) However, Plaintiff's Complaint was not filed with this Court until September 4,
2024. Because Plaintiff did not institute the civil action within two years of when the alleged
retaliatory action was taken, this claim appears to be untimely.

However, because Defendant never asserted an untimeliness argument, and the Court is
hesitant to address the issue sua sponte, Plaintiff shall be given fourteen (14) days from the entry
of this Decision and Order to file a letter-brief explaining why this claim is timely, and attaching
a proposed Amended Complaint (so that the Court may determine whether an amendment would
be futile). "An amendment is considered futile 'if the proposed amended complaint would be
subject to immediate dismissal for failure to state a claim or on some other ground.'" *Herrera v.
Syracuse Univ.*, 24-CV-0245, 2025 WL 874734, at *24 (N.D.N.Y. Mar. 20, 2025) (Nardacci, J.)
(quoting *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 [2d Cir. 1999]);
*see also Santiago v. City of Rome*, 24-CV-0704, 2025 WL 553347, at *10 (N.D.N.Y. Feb. 19,
2025) (Sannes, C.J.) ("A request to amend is futile where the problem with the claim is
'substantive' and 'better pleading will not cure it.'") (quoting *Cuoco v. Moritsugu*, 222 F.3d 99,
112 [2d Cir. 2000]).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for partial dismissal (Dkt. No. 10) is **<u>GRANTED</u>**

**in part** and **<u>DENIED in part</u>**; and it is further

**ORDERED** that Plaintiff's seventh claim shall be **<u>DISMISSED</u>** unless Plaintiff

**SHOWS CAUSE** within **FOURTEEN (14) DAYS** of the entry of this Decision and Order why

this claim should not be dismissed as untimely.

Dated: July 25, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge